UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Andre Felder Sr
108 Wickes Road
Bushkill PA 18324
NAME OF PLAINTIFF(S)

v.

Pepsi Cola
112-02 15th Ave
College Point N.Y. 11356
NAME OF DEFENDANT(S)

ORIGINAL

GARAUFIS, J.

CV 14 - 4315

COMPLAINT        MANN. M.J.

"Jury Trial Demaned"



RECEIVED
JUL 14 2014
PRO SE OFFICE

This action is brought for discrimination in employment pursuant to (check only those that apply):

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

-1-

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

__108 Wickes Road__
Street Address

__Pike__, __PA__, __18324__, __570 242 9696__
County   State   Zip Code   Telephone Number

2. Defendant(s) resides at, or its business is located at:

__112-02 15th Ave__
Street Address

__Queens__, __College Point__, __New York__, __11356__
County   City   State   Zip Code

3. The address at which I sought employment or was employed by the defendant(s) is:

_____
Street Address

_____, _____, _____, _____
County   City   State   Zip Code

-2-

4.  The discriminatory conduct of which I complain in this action includes
    *(check only those that apply).*

    _____        Failure to hire.

    ✓            Termination of my employment.

    _____        Failure to promote.

    ✓            Failure to accommodate my disability.

    _____        Unequal terms and conditions of my employment.

    _____        Retaliation

    _____        Other acts *(specify)*: _____.

**NOTE:**  *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.  It is my best recollection that the alleged discriminatory acts occurred on:
    October 14, 2011
    Date(s)

6.  I believe that the defendant(s) *(check one)*

    ✓  is still committing these acts against me.

    _____ is **not** still committing these acts against me.

7.  Defendant(s) discriminated against me based on my:
    *(check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)*

    [ ]  race _____        [ ]  color _____

    [ ]  gender/sex _____  [ ]  religion _____

    [ ]  national origin _____

    ✓  disability  Two herniated disc at C-3+4 + C6+7 + left torn rotator cuff, Day of injury suffered a mild "CVA"

    [ ]  age. If age is checked, answer the following:

        I was born in _____. At the time(s) defendant(s) discriminated against me,
                      Year
        I was [ ] more  [ ] less than 40 years old. *(check one)*.

-3-

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8. The facts of my case are as follows:

_____

_____

_____

_____

_____See Attachment_____

_____

_____

*(Attach additional sheets as necessary)*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.*

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: _____.
    Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: _July 29, 2012_
    Date

-4-



# EEOC

**Pastor Andre Felder** <pastordre07@gmail.com>            Sat, Jul 12, 2014 at 9:40 AM
To: Pastor Andre Felder <pastordre07@gmail.com>

History of Andre Felder with Pepsi

On July 9, 2007, I was hired as a full-time tractor trailer driver for Pepsi Bottling Company, Inc., located in College Point, New York, and I reported to my supervisor Eddie Stoute. During my tenure with the company I have sustained some work related injuries, around September 6, 2007, is when my first work place injury occurred. I fractured my pinky finger which resulted in me missing six days of work, returning on September 18, 2007. My second injury was while working on the job, around November 9, 2007, where I sustained a neck injury and dizziness, returning back to work around December 3, 2007, not knowing at the time the severity of my injury. I went back to work for nine days and went back out and was on Worker's Comp for seven months. During this time, I learned that I had a herniated disc at C3 and C4. On July 3, 2009, I was at the Mt. Vernon facility backing my trailer in to get it unloaded. When I tried to open the door the handle was stuck, I pulled the handle open, the metal handle came back slap me I the face and knock me out leaving me unconscious and two pallets of cans sodas buried me, in which I was told by the EMT workers. After arriving to the hospital I was told that I had suffered from a mild stroke, reinjured neck, and a torn rotator cuff. I was out of work until September 15, 2010. During my tenure with the company they repeatedly sought me out to work, because they called me constantly while I was out on worker's compensation, also know that I was diagnosed temporarily disabled. Therefore, if I had received the proper care I could have returned to work without any problems/issues.

In 2010, the company sought to terminate me due to excessive absenteeism and my inability to perform my job, at the time. The company then later stated that they would retract their notice of termination in favor of "Consent Award" in which they intended to give me a final opportunity to correct any and all issues related to my absence. The nerve of them to think I can heal myself when the insurance company was fighting my doctor's medical recommendations for my healing. The company did not rescind

out of the goodness of their heart, nor did they know that I was already back to work because I was in arbitration in my work clothing. When they realized that I was already back to work their statement of saying that I was unable to do my job would not hold water, they then withdrew their notice of termination, when I asked the union for a copy of my award letter I was told there was none, because the company withdrew their notice of termination.

As time came near for my rotator cuff operation my doctor, Dr. Dondt put me out of work. I did ask him if I could return to work at a light duty status and he gave his approval. When in contact with the company they replied that there was no light duty available. I had to come back to work with no restrictions and full duty, when I asked again they then approved me for light duty. When I had the operation during May of 2011, I asked the company again if I could return with light duty and they replied that there wasn't any light duty offered and I reminded them that they previously allowed me to come back on light duty. They then dismissed me by saying they were working on it but just procrastinated until they called me to arbitration terminating me saying I was unable to perform my job.

The fact of my case is:

I got hurt on the job a few times and was reinjured which resulted in me being disable and according to the ADA, (American Disability Act) required that the employers "Reasonably Accommodate" the need of persons with disabilities unless to do so will cause the employer to suffer an "undue hardship".

Pepsi did nothing to accommodate my disability and did very little to help rehabilitate me so that I can come back to work with no issues. Also, the ADA in 2008, amendment reverse the courts restrictive interpretation of disability under the ADA and prohibit employers from considering mitigating measures of medications when determining if an individual has a disability. In other words disability is now determined on a case by case bases. Yet, while I was out on worker's comp, **totally temporary disable**, the company *repeatedly* called me in for arbitration seeking to fire me, do to *absenteeism*, in which I never had my shop steward present and he never contacted me for guidance. I was just thrown in with some members of the union whom I did not know.

The company also accused me and a fellow co-worker by the name of Lamuel for stealing soda from the company. They brought us up on chargers, Lemuel got hurt off the job the union and the company never called him in while he was out on disability, they stated that they will wait until he return back to work before proceeding with the case. Until this day he never went before the arbitrator. And they discriminated against me by calling me in while I was disable, never calling him in based upon him having a family member who was very well connected to the union, so his case was buried.

On another occasion Eddie Stoute, took my name off the seniority list and drivers was calling me asking me whether or not I still had my job, upsetting me. When I went to the arbitrator they had to reinstate my name on the list and my seniority.

Also, Stanly Israel, a lawyer for Pepsi, stated that I was committing medical insurance fraud and that I should give up my medical insurance to prove to them that I was not committing fraud. The company took my medical insurance which left me and my family without any insurance. Stanley Israel and the company discriminated against my again.

Throughout my tenure with the company I have experienced all sorts of discrimination by different people of the company.

**Only litigants alleging age discrimination must answer Question #11.**

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____ 60 days or more have elapsed.

    _____ less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission *(check one)*:

    _____ has not issued a Right to Sue letter.

    ✓ has issued a Right to Sue letter, which I received on  4-21-2014 .
                  Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, pre-judgment interest, costs, and attorney's fees.

*Andre Selder*
PLAINTIFF'S SIGNATURE

Dated: July 12, 2014

108 Wickes Road
Address
Bushkill PA 18324
570-242-9696
Phone Number



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Andre Felder
1135 Yorkshire Lane
Bushkill, PA 18324

Re: EEOC Charge No. 846-2012-62030
Felder v. Pepsi-Cola

Dear Mr. Felder,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined the information and evidence you submitted supporting your allegations of discrimination based on your disability.

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Investigator John Douglass at (212) 336-3765 or John.Douglass@eeoc.gov if you have any questions.

Sincerely,

_____ for          4-16-2014
Kevin J. Berry                Date
District Director

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Andre T. Felder<br>1135 Yorkshire Lane<br>Bushkill, PA 18324 | From: | New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2012-62030 | John B. Douglass, Supervisory Investigator | (212) 336-3765 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     4-16-2014
Kevin J. Berry,                  *(Date Mailed)*
District Director

Enclosures(s)

cc:   **PEPSI COLA BOTTLING CO. OF NY INC.**

c/o Anthony A. Mingione
BLANK ROME LLP
405 Lexington Avenue
New York, NY 10174